**Willard and Dorothy ARNOLD; et al., Petitioners,**

v.

**UNITED STATES of America, Respondent. (Two Cases)**

Nos. 85–114–Civ–Oc–14, 85–115–Civ–Oc–14.

United States District Court, M.D. Florida, Ocala Division.

March 26, 1986.

Richard Custureri, Ocala, Fla., for petitioners.

Jane Juliano, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

These cases came on upon the Petition to Quash Summons, filed herein on May 8, 1985. The government filed a Motion to Dismiss Petition to Quash and for Enforcement of Internal Revenue Service Summons on December 16, 1985, and petitioners' response in opposition was filed January 3, 1986. The Court heard oral argument on the petition and the motion on March 13, 1986.[1]

On April 18, 1985, the Internal Revenue Service [hereinafter "IRS"] served summonses on Sun Bank of Ocala and Southeast Bank of Ocala directing that they turn over documents for the periods between January 1, 1980, and December 31, 1983, relating to Willard and Dorothy Arnold and a list of corporations in which the Arnolds have an interest. The summonses were issued in connection with an investigation of the Arnolds for 1981 and 1982 tax years. The IRS issued the summonses pursuant to 26 U.S.C.A. § 7602(a)(2) (West Supp.1985), which authorizes the IRS to issue a summons for production of books, papers, records, or other data for, *inter alia,* the purpose of determining tax liability.

It is the government's position, as presented in the motion to dismiss, that the petition to quash should be dismissed on three grounds: first, it was improperly served; second, it fails to state a claim for relief; and third, in the alternative, the petition should be quashed and the summonses should be enforced based on the merits of the issues raised by the parties. While not abandoning the issue regarding service of process, the government conceded at the hearing that the petitioners have corrected any defects in service of process. Therefore, the Court will not quash the petition because of improper service. The Court also finds that the petitioners have complied with the procedural requirements of 26 U.S.C. § 7609(b)(2) (West Supp.1985) for initiating proceedings to quash an IRS summons. Therefore, the Court will not dismiss the petition for failure to state a claim.

The focus of the petitioners' and IRS's arguments relate to the validity of the summonses. The parties agree that the Court should enforce the summonses if the following four elements are satisfied: (1) the summonses were issued for a legitimate purpose; (2) the summoned data is relevant to that purpose; (3) the data is not already possessed by the government; and (4) the administrative steps regarding issuance and service have been satisfied. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). The petitioners do not contest that the IRS has satisfied the third and fourth elements. Rather, petitioners' contest whether the IRS satisfied the first two elements for enforcement of the summonses.

Petitioners conceded at the hearing that determining the Arnolds' tax liability resulting from the buy out or merger of Arnolds Graphics, Inc. would be a legitimate purpose for the IRS's summonses. It is petitioners' position, however, that the IRS must identify that as the specific purpose of the summonses and that only those documents relating to that specific transaction would be relevant. The IRS asserts that it does not have to identify the specific purpose of the investigation, only that there has to be a legitimate purpose and that the summoned data is relevant if it might throw light upon the tax liability under investigation.

---

1. These cases were consolidated on January 28, 1986, pursuant to the joint motion filed herein on October 28, 1985. The issues in these two cases are identical except that in Case No. 85–114–Civ–Oc–14, the summons was issued to Sun Bank and in Case No. 85–115–Civ–Oc–14 the summons was issued to First Marion/Southeast Bank. The parties stipulated at the hearing held March 13, 1986, that this decision would bind the parties and the summonses issued in both cases.

■ The Court agrees with the IRS's position; as long as there is a legitimate purpose for the investigation, such as determining tax liability, any documents useful in determining tax liability are relevant. *See, e.g., In re Newton,* 718 F.2d 1015, 1016, 80 L.Ed.2d 153 (11th Cir.1983), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (IRS need not make a special showing of need to obtain through a summons tax accrual work papers). Furthermore, the relevancy requirement is considerably less than the relevance required by Fed.R.Evid. 401. The IRS may issue summonses for documents that are even *potentially* relevant to an ongoing investigation. *United States v. Arthur Young & Co.,* 465 U.S. 805, 814, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826, 834 (1984). The IRS may satisfy its burden merely by presenting the sworn affidavit of the agent who issued the summons. *Newton,* 718 F.2d at 1019.

■ In the present case, the IRS presented the affidavit of Norman Tancrell, the agent who issued the summonses. He stated:

> I am conducting an investigation to determine the correct federal income tax liabilities of Willard and Dorothy Arnold, the taxpayers, for the taxable years 1981 and 1982.... During the course of my investigation, I learned that the Taxpayers own or control or formerly owned or controlled those entities listed in the Attachment to the Internal Revenue Summons.... Upon information and belief, through these entities, the taxpayers engaged in transactions with Sun Bank of Ocala during the years under investigation.... The testimony and the books, records, papers, and other data demanded by the summons issued to and served upon the Bank are necessary for the correct determination of the federal income tax liabilities of Willard and Dorothy Arnold for the taxable years 1981 and 1982....

The IRS may summon the records of the Arnolds' business associates. *Newton,* 718 F.2d at 1020, *citing, United States v. Newman,* 441 F.2d 165 (5th Cir.1971). There has never been a representation at any time in these actions that the corporate petitioners listed in the attachment to the summonses are not connected with the Arnolds. Therefore, the Court finds that the summoned data, including the documents relating to the corporate petitioners, is relevant to the IRS's investigation of the Arnolds.

In addition, the Court would note that five of the petitioners in these cases were parties to an action in Ohio to quash summons issued by the IRS on an institution in Ohio for the tax investigation of the Arnolds. The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio held that the summoned documents were relevant to the IRS's investigation of the Arnolds and that the summons was valid in all respects. *Willard and Dorothy Arnold, et al. v. United States,* No. C85–38 (N.D. Ohio June 27, 1985). Those petitioners who were parties to the action in Ohio are collaterally estopped from raising the issue of the validity of the summonses in these actions.[2] *See United States v. First National Bank of New Jersey,* 616 F.2d 668, 675 (3d Cir.1980).

In conclusion, having considered the pleadings filed by the parties and the oral argument, the Court finds the summonses valid in all respects. The Court will grant the IRS's motion to dismiss the petition and will deny the Petition to Quash Summons and order the institutions to comply with the summonses.

**2.** The petitioners in these cases who were parties to the Ohio action are: Willard Arnold, Dorothy Arnold, American Business Press, Inc., Carnegie Multi-International Corp., and Hughes Burton Company.